UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN JOSEPH KOTOWSKI,<br><br>      Petitioner,<br>v.<br><br>TOM ROY, Commissioner of Corrections,<br>and MICHELLE SMITH, Warden,<br><br>      Respondents. | Civil No. 11-3219 (PAM/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 1998, a Minnesota state court jury found Petitioner guilty of kidnaping and first degree criminal sexual conduct. He was sentenced to 292 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota. (Petition, [Docket No. 1], p. (2).)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed a direct appeal claiming that the trial court judge committed several errors during the trial, which involved the admission of evidence and other matters. The Minnesota Court of Appeals rejected all of Petitioner's claims and affirmed his conviction and sentence, and the Minnesota Supreme Court denied Petitioner's request for further review. State v. Kotowski, C6-98-1494 (Minn.App. 1999), 1999 WL 261946 (unpublished opinion), rev. denied, June 29, 1999, [hereafter "Kotowski I"].

On July 16, 2009, more than ten years after Petitioner's conviction was affirmed on direct appeal, he filed a motion in the trial court seeking to correct his sentence. ("Reply to Order," [Docket No. 10], p. 1.[2]) That motion was denied, and Petitioner appealed. The Minnesota Court of Appeals denied the appeal on June 23, 2010, and the Minnesota Supreme Court denied Petitioner's subsequent application for further review. Kotowski v. State, A09–1939 (Minn.App. 2010), rev. denied (Minn. Oct. 19, 2010), [hereafter "Kotowski II"]. ("Reply to Order," p. 1.)

On November 15, 2010, Petitioner filed a second motion in the trial court that raised additional challenges to his 1998 criminal conviction and sentence. ("Reply to Order," p. 1.) That motion was denied by the trial court on December 14, 2010. (Id.) Petitioner's subsequent appeal was denied by the Minnesota Court of Appeals on August 1, 2011.

---

[2] The Court reviewed Petitioner's current habeas corpus petition shortly after it was filed, and noted that, given the vintage of Petitioner's conviction, his petition appeared to be barred by the applicable one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Therefore, the Court ordered Petitioner to explain why his current petition should not be summarily dismissed due to untimeliness. (See Order dated November 3, 2011; [Docket No. 6].) Petitioner responded to that order by filing a "Reply to Order," (Docket No. 10), which provides some of the history of this case.

Kotowski v. State, No. A11-28 (Minn.App. 2011), 2011 WL 3241880 (unpublished opinion), [hereafter "Kotowski III"].[3]

Petitioner's current habeas corpus petition was received and filed by the Clerk of Court on October 31, 2011. However, the Eighth Circuit Court of Appeals has held that a prisoner's pro se habeas corpus petition is deemed to be filed on the date when it is delivered to prison officials for mailing. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). In this case, the petition was signed on October 27, 2011, so Petitioner obviously did not deliver the petition for mailing before that date. For present purposes, the Court will assume, (for Petitioner's benefit), that he delivered his petition for mailing on the same date that he signed it, namely on October 27, 2011, and that will be deemed the filing date for this action.

The current petition lists five grounds for relief, which Petitioner has identified as (1) "judicial misconduct," (2) "prosecutorial misconduct," (3) "denial of effective assistance of trial counsel," (4) "denial of effective assistance of appellate counsel," and (5) "denial of constitutional rights by the Minnesota Court of Appeals and the Minnesota Supreme Court." (Petition, pp. (5)-(8).) However, none of Petitioner's current habeas corpus claims can be decided on the merits, because this action is barred by the one-year statute of limitations prescribed by federal law. The Court will therefore recommend that this action be summarily dismissed.

**II. DISCUSSION**

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted

---

[3] Petitioner apparently did not seek further review in the Minnesota Supreme Court after the Court of Appeals' ruling in Kotowski III.

in 1996, effected several significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In most cases, the statute of limitations deadline for seeking federal habeas corpus relief is determined pursuant to § 2244(d)(1)(A), which provides that the one-year limitations period begins to run when the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Here, Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on June 29, 1999. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition

4

for writ of certiorari with the United States Supreme Court.  Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court.  Sup. Ct. R. 13.1.  Thus, Petitioner's judgment of conviction became "final," and the one-year federal statute of limitations began to run, (under § 2244(d)(1)(A)), on September 27, 1999 – 90 days after the Minnesota Supreme Court upheld Petitioner's conviction and sentence on direct appeal in Kotowski I.

However, the present habeas corpus petition was not filed until October 27, 2011, which was more than twelve years after the statute of limitations began to run, (pursuant to § 2244(d)(1)(A)).  Therefore, this action is clearly barred by the one-year statute of limitations, unless --

(1) the starting date of the one-year limitations period was delayed pursuant to § 2244(d)(1)(B),(C) or (D); or

(2)  the running of the statute of limitations was tolled pursuant to either (a) § 2244(d)(2), or (b) the doctrine of equitable tolling.

Petitioner has been afforded an opportunity to show that the starting date of the statute of limitations was delayed, or that the statute of limitations was tolled,[4] and he has attempted to do that by means of his submission entitled "Reply to Order."  (Docket No. 10.)  However, after carefully considering the arguments raised in Petitioner's "Reply to Order," the Court finds that he is unable to show that his current habeas corpus petition is

---

[4]  See n. 2, supra.

timely.[5]

### A. Newly Discovered Evidence

The date when the one-year habeas statute of limitations begins to run can be delayed for claims based on newly discovered evidence. For such claims, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Petitioner contends that the statute of limitations did not begin to run in his case until he discovered certain new evidence that allegedly could have changed the outcome of his jury trial or his sentencing. Petitioner cites three matters that allegedly constitute "newly discovered evidence" affecting the starting date of the statute of limitations: (1) a pre-sentence investigation report, ("PSI"), that allegedly was not shown to him until several years after he was convicted and sentenced; (2) "the failure to inform him of his right to appeal his sentence;" and (3) "the Brady violation stated in his brief." (Reply to Order, p. 2.) The Court finds that all of Petitioner's "newly discovered evidence" arguments are unavailing.

Petitioner represents that he first "discovered" his PSI in 2005. (Id.) If the statute of limitations did not begin to run until that time, (i.e., sometime in 2005), then the one-year limitations period would have expired sometime in 2006. However, Petitioner did not file his current habeas petition until 2011. Therefore, even if the limitations period did not begin

---

[5] The Court notes that almost one-third of Petitioner's two and a half page "Reply to Order" discusses Fed. R. Crim. P. 32, which prescribes the sentencing process to be used in federal criminal cases. Because Petitioner was convicted and sentenced under Minnesota state law, his discussion of Rule 32 is wholly inapposite.

6

to run until Petitioner allegedly discovered the PSI in 2005, the current petition still was filed many years too late.

Petitioner has not indicated when he first became aware of the alleged "failure to inform him of his right to appeal his sentence." However, he must have known about his right to appeal shortly after he was sentenced, because he did, in fact, file a direct appeal. Moreover, that appeal must have been filed in a timely manner, because it was heard and decided on the merits in Kotowski I. In any event, Petitioner certainly has not shown that his right to appeal constitutes "new evidence" that he only recently "discovered." Therefore, the alleged failure to inform Petitioner of his right to appeal his sentence cannot delay the starting date for the statute of limitations pursuant to § 2244(d)(1)(D).

Finally, the starting date for the statute of limitations cannot be delayed based on Petitioner's so-called "Brady violation" claim,[6] because he has not made any attempt to show when the factual predicate of that claim first became discoverable. The Court's prior order in this case, (Docket No. 6), expressly informed Petitioner that if he believed the statute of limitations starting date should be delayed because of newly discovered evidence, he would have to show exactly when that evidence first became discoverable.[7]

---

[6] Petitioner did not even mention Brady, (i.e., Brady v. Maryland, 373 U.S. 83 (1963)), in his petition. He did, however, allude to Brady in his "Memorandum of Law in Support of the Release of Plaintiff [sic]." (Docket No. 3.) In that memorandum, Petitioner argues that the state prosecutor in his case did not comply with Brady's requirements regarding the disclosure of exculpatory evidence. According to Petitioner, the prosecutor failed to disclose a certain police report, which allegedly showed that the victim in his case had previously claimed she was raped by a police officer who had stopped her for a suspected "D.W.I." violation. (Id., pp. 5-6.)

[7] The Court's prior order stated that –

"If Petitioner contends that the statute of limitations analysis is affected by

7

Because Petitioner has made no effort to show when the "new evidence" that allegedly supports his "Brady violation" claim first became discoverable, the statute of limitations starting date cannot be delayed, (pursuant to § 2244(d)(1)(D)), based on the allegedly belated discovery of that "new evidence."

### B. State Created Impediment

Petitioner also seems to be arguing that the starting date for the one-year statute of limitations was delayed pursuant to § 2244(d)(1)(C). Under that clause, if some action by the state creates an impediment which prevents a habeas petitioner from seeking federal habeas relief in a timely manner, then the statute of limitations does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed."

Petitioner contends that "the State of Minnesota impeded his ability to seek relief at the state level by denying his appeals using unconstitutional case law and by violating his constitutional rights to redress wrongs committed against him." (Reply to Order, p. 1.) This argument is based on an alleged misapplication of the Minnesota state procedural rule established by State v. Knaffla, 309 Minn. 246, 243 N.W.2d 737 (Minn. 1976). (Id.) Knaffla says that Minnesota state prisoners cannot seek post-conviction relief based on claims that could have been raised, but were not raised, on direct appeal. In other words, "[w]hen a

---

newly discovered evidence or information, then the response to this order must clearly and fully explain (a) the specific nature of all such newly discovered evidence or information, (b) <u>when, specifically, such evidence or information was first knowable to Petitioner</u>, and (c) why Petitioner could not pursue his current habeas corpus claims without that evidence or information."

(Order dated November 3, 2011, [Docket No. 6], p. 2, [emphasis added].)

direct appeal has been taken, all claims that were raised or could have been raised will not be considered in a petition for postconviction relief." Doppler v. State, 771 N.W.2d 867, 873 (Minn. 2009).

The trial court and the Minnesota Court of Appeals apparently dismissed some or all of the claims presented in Kotowski II, (Petitioner's first post-conviction proceeding), based on Knaffla.[8] In other words, some or all of Petitioner's post-conviction claims were summarily dismissed, without being addressed on the merits, because the Court of Appeals determined that those claims could have been raised on direct appeal, but Petitioner failed to do so. Petitioner obviously believes that his claims should not have been barred by Knaffla, and the State Court's reliance on Knaffla somehow violated his constitutional rights.

However, the state courts' reliance on Knaffla cannot be viewed as a state action that impeded Petitioner's ability to seek federal habeas relief in a timely manner, because the one-year statute of limitations had already expired before Knaffla ever became applicable to Petitioner's case. Knaffla had no bearing on Petitioner's case until he initiated his first post-conviction proceedings, (Kotowski II), in 2009, and by then the habeas statute of limitations had already expired. Therefore, Petitioner cannot plausibly contend that the state courts' reliance on Knaffla was a state-created impediment that kept him from prosecuting his current federal habeas claims in a timely manner.

---

[8] The Knaffla rule has no bearing on direct appeals, so the rule obviously could not have been applied in Kotowski I. The Court also notes that the Minnesota Court of Appeals did not rely on Knaffla in Kotowski III, (the second post-conviction proceedings). See Kotowski III, 2011 WL 3241880 at *2 ("Without deciding whether appellant's claim is barred by Knaffla, we conclude that appellant's claim that his sentence is contrary to law is without merit."). It is therefore evident that Knaffla was applied only in Kotowski II.

C. <u>Statutory Tolling Pursuant to § 2244(d)(2)</u>

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. <u>Mills v. Norris</u>, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the federal statute of limitations had already been running for more than a year before he filed his post-conviction motion in the trial court. <u>See</u> <u>Painter v. State of Iowa</u>, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").

Even if the statute of limitations starting date was delayed until Petitioner's alleged discovery of new evidence in 2005, (<u>see</u> Discussion at pp. 6-8, <u>supra</u>), the statute of limitations still would have expired sometime in 2006. However, Petitioner did not initiate his first state post-conviction proceedings until July 2009, which was more than two years after <u>the latest date</u> when the statute of limitations could have expired. Thus, <u>Petitioner's first post-conviction proceedings could not have tolled the statute of limitations, because the limitations period had already expired before those proceedings were commenced</u>. <u>See</u> <u>Jackson v. Ault</u>, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). <u>See</u> also <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no

period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his various state post-conviction proceedings did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until each new state post-conviction proceeding was fully completed. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case sometime in 2006 (at the latest), it could not thereafter be restarted by the commencement of Petitioner's subsequent post-conviction proceedings in 2009, (Kotowski I), and 2010, (Kotowski II).

### D. Equitable Tolling

Lastly, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the

defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added).  See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way").  "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001).  Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.  Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. Although the Court's prior order expressly advised Petitioner that he could seek equitable tolling, he has made no effort to show that equitable tolling could be applicable here.[9]  It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction."  321 F.3d at 772.  Therefore, the

---

[9] The prior order stated that "if Petitioner contends that the statute of limitations deadline should be extended by equitable tolling, the response to this order must clearly and fully explain why and how Petitioner believes the doctrine of equitable tolling should be applied in this case."  (Order dated November 3, 2011, [Docket No. 6], p. 2.)

tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. Petitioner's conviction and sentence became final on direct appeal in September 1999, and the statute of limitations ordinarily would have begun to run at that time, pursuant to § 2244(d)(1)(A). Petitioner contends that the starting date of the one-year limitations period was delayed pursuant to § 2244(d)(1)(B) and (D), because the state impeded his ability to file a timely petition, and because some of his claims allegedly are based on new evidence. However, Petitioner has offered nothing to support those arguments, except for his bald assertion that he did not "discover" his PSI until 2005; and even if the statute of limitations did not begin to run until 2005, the current habeas petition still was filed much too late.

Furthermore, the statutory tolling provisions of § 2244(d)(2) cannot aid Petitioner, because he did not seek any post-conviction relief in the state courts until 2009. The federal habeas statute of limitations had expired by 2006 (at the latest), so Petitioner's state post-conviction proceedings were filed much too late to have any meaningful tolling effect. Petitioner has also failed to present any grounds for equitable tolling in this case.

Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.

Having determined that this action must be summarily dismissed due to untimeliness, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be

entertained).

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: December  13, 2011

                                                                    s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 28, 2011,** written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.